## John Gardiner *v.* Benjamin Cross.

An exception to a petition on the ground that the name under which plaintiff sued is not his real name, will be overruled, where it does not state the name under which alone he could have sued.

In answer to an action for an assault and battery, defendant alleged that plaintiff had been assaulted in consequence of having attempted to excite defendant's slaves to insurrection. Defendant offered to prove that, immediately before the assault, he (defendant) had " said, that he had been told by a person, who had heard it from a slave, that plaintiff was endeavoring to induce defendant's negroes to run away." On objection: *Held,* that the evidence was inadmissible.

In an action for damages, for an assault and battery and slander, evidence as to the plaintiff's character is inadmissible, even in mitigation of damages.

APPEAL from the District Court of Lafourche Interior, *De-blieux,* J.

*Thibodeaux* for the plaintiff.

*J. C. Beatty,* and *M. Taylor,* for the appellant.

MARTIN, J. This is an action for assault and battery, and slander. The defendant attempted to justify or extenuate his conduct, by averring that the plaintiff had long persisted in remaining on his land, although frequently desired to depart; that he frequently went into the cabins of his slaves, associating with them, and exciting them to insubordination, disobedience and disorder; that after bearing with this for a long time with patience, he was at last driven to violent measures to separate the plaintiff from his slaves, provoked by the abuse and intemperate language with which his remonstrances to the plaintiff had been received.

The case was tried by jury, who gave a verdict for $800 in favor of the plaintiff, and the defendant appealed, after an unsuccessful attempt to obtain a new trial. The case is a very aggravated one. The plaintiff was compelled to submit to being tied and whipped. He was extremely ill treated and abused, and it does not ap-

Gardiner v. Cross.

pear to us, that the jury erred in concluding, that the defendant entirely failed in his attempt to justify, or extenuate his conduct. His counsel has drawn our attention to an exception which they took to the petition, on the ground that the name of John Gardiner, under which the plaintiff sued, was not his real name. The court overruled it, and we think correctly, as the exception did not state the name under which alone the plaintiff might have sued, and he might be known by different names. Two bills of exceptions were taken on the trial. The first, to the refusal of the court to permit the defendant to prove, that he had been told that a slave had been heard to say, that the plaintiff was endeavoring to induce some of the defendant's slaves to run off.* The second, to the court's refusal to admit evidence of the plaintiff's character. It does not appear to us that the court erred. Evidence of what a person said that he had heard that a slave had said, is most certainly inadmissible. Whatever may be the character of a white man, it cannot follow, that any one has the right of inflicting on him such a chastisement as the plaintiff received in the present case. The evidence was inadmissible even in mitigation of damages. It is certainly true, that the attempt to excite slaves to insubordination, ought to be promptly and effectually suppressed; but this may be done, without planters being permitted, with impunity, to chastise, in the manner in which they punish their slaves, persons against whom suspicion may exist. Twelve honest men of the vicinage, constitute a competent body, to whom courts of justice may safely leave the power of deciding on the character of the aggression; and there can be no great danger from their partiality to evil doers, or their inclination to do injury to their neighbors, especially when their verdict must meet the approbation of the learned Judge who presides over their deliberations.

*Judgment affirmed.*

---

* It appears from the bill of exceptions that, " the counsel of the defendant offered to prove by the witness, that immediately before the assault committed by defendant, the defendant said, that he had been told by a person, who had heard it from a slave, that the plaintiff was endeavoring to cause or induce his, defendant's, negroes to run off, &c."